# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont Henderson, #10311-171, ) | |
| ) | CIVIL ACTION NO. 3:08-3220-HMH-JRM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden John R. Owen, ) | |
| Respondent. ) | |

Petitioner, Lamont Henderson ("Henderson"), is an inmate at FCI Williamsburg serving a sentences of one hundred and eighteen (118) months imposed by the Honorable Henry M. Herlong, United States District Judge, on December 22, 2003. Henderson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 25, 2008, alleging that the Federal Bureau of Prisons had incorrectly computed his release date. Respondent filed a "Motion to Deny Habeas Petition" together with an "Answer and Return" on December 2, 2008. Because Henderson is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on December 3, 2008 explaining to him his responsibility to respond to the motion for summary judgment. Henderson filed his response on December 12, 2008.

Respondent concedes that (1) he is a proper party; (2) this Court has subject matter jurisdiction of the case; (3) venue is proper; (4) he has been properly served; and (5) Henderson has properly exhausted his administrative remedies.

**Background**

The record shows the following:

1. In mid to late August of 2002 a confidential informant ("CI") contacted the Oconee County Sheriff's Department ("OCSD") and stated that he had recently traded Henderson some firearms for some drugs. Henderson was holding the guns as collateral until the CI could return with more money. An investigation was opened. (*See* Transcript of suppression hearing held on September 10, 2003 in United States v. Henderson, Cr.No. 8:03-cr-0061-HMH).

2. On or about September 6, 2002, the CI attempted to retrieve the firearms from Henderson with OCSD funds while wired. However, he was unsuccessful, but did obtain more drugs. (*Id.*)

3. On September 11, 2002, Henderson was riding with Danny Smith. Their vehicle was stopped and Smith was arrested on an outstanding warrant. (*Id.*)

4. OCSD was unable to obtain an arrest warrant for Henderson at that time, but detained him pursuant to a "Temporary Custody Order." (*Id.*)

5. OCSD obtained warrants for Henderson the next day charging him with those drug offenses relating to the alleged distribution on September 6, 2002. (*Id.*)[1]

6. Henderson was indicted in November of 2002 on the state drug charges.

7. Henderson was released on bond on the state drug charges on February 26, 2003. (Res.Mem., Ex. 3).[2]

---

[1]Copies of the warrants are attached to Henderson's Roseboro response.

[2]Exhibit 3 to Respondent's memorandum is an affidavit of J.R. Johnson, a Correctional Program Specialist at the BOP's Designations and Sentence Computation in Grand Prairie, Texas. Mr. Johnson refers to the state charges as having been made in Oconee County, Georgia, but the record indicates that all the charges were from Oconee County, South Carolina.

8.    The state charges were *nolle prossed* by the Solicitor on March 28, 2003.[3]

9.    The federal grand jury returned an indictment on June 10, 2003, charging Henderson with being a felon in possession of a firearm "on or about August 28, 2002"[4] and a bench warrant was issued.

10.   Henderson was arrested on June 17, 2003 and appeared for arraignment.

11.   Henderson remained in custody pending trial. (Res.Mem., Ex. 3, ¶5).

12.   A jury was selected and a hearing was held on Henderson's motion to suppress on September 10, 2003.

13.   The jury returned a verdict of guilty on September 15, 2003.

14.   Henderson was sentenced on December 22, 2003.

## Discussion

Upon conviction a defendant is "committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). The BOP is responsible for determining the beginning date of the prisoner's sentence and calculation of a release date giving the prisoner credit for pretrial custody pursuant to 18 U.S.C. § 3585(b); *See* U.S. v. Wilson, 530 U.S. 329 (1992). Once the release date is determined, BOP is required to annually give the prisoner credit toward service of his sentence based on "satisfactory behavior" pursuant to 18 U.S.C. § 3624(b). These credits are generally referred to as "good time credits" or "GTC".

---

[3] *See* report attached to Roseboro response.

[4] Although the record is not clear August 28, 2002 appears to be the approximate date the CI delivered the firearms to Henderson.

Pursuant to 18 U.S.C. § 3624(b), "a prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term" based on BOP's determination that the prisoner is entitled to such credits due to exemplary good behavior. BOP has promulgated regulations, i.e., "Program Statement 5880.28, Sentence Computation Manuel - CCA", a copy of the relevant portion is attached as Exhibit 4 to Respondent's memorandum, to address the mechanics of awarding GTC's. BOP uses the date of the beginning of pretrial custody, not the date of imposition of sentence, to calculate the prisoner's first year of imprisonment. (Res.Mem., Ex. 3, ¶ 8).

BOP dutifully followed these principals in Henderson's calculation. It determined that Henderson's sentence commenced on the date it was imposed, December 22, 2003. Henderson was not given credit for the period he was on release on bond for the state drug charges until he was arrested on the federal warrant (February 26, 2003 through June 16, 2003), but was given three hundred and fifty-seven (357) days of prior custody credit for all time he was in state or federal custody prior to his sentencing on December 22, 2003. For the purpose of awarding GTC, BOP considered Henderson's sentence to have begun on December 31, 2002. (Res.Mem., Ex. 3). The record shows that Henderson was awarded the maximum GTC, fifty-four (54) days, on December 30, 2003, one year after the date BOP determined that his sentence commenced for FTC purposes. It appears that Henderson has received the maximum GTC each year since that time. (Res.Mem., Ex. 5).

Henderson argues that BOP has misapplied 18 U.S.C. § 3624(b)(1) because it used December 31, 2002 as the beginning date of his sentence for GTC purposes instead of "from the date of 12-22-

4

03 to 12-21-2004." (Petition, p. 9). Henderson appears to argue that for the purpose of calculating GTC that BOP should use the date he was sentenced as opposed to the earlier date which takes into account credit for prior custody credit. Henderson argues that using the later date would provide an earlier release date. Henderson cites no authority for his position.

Although the Fourth Circuit has not addressed the issue, all other circuits have found that BOP's method of awarding GTC's is a logical and permissible interpretation of 18 U.S.C. § 3624(b)(1). *See* Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997); Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); and Paceo-Comacho v. Hood, 272 F.3d 1266 (9th Cir. 2001).

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

April 13, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).