IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lamont Henderson, #10311-171, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 3:08-3220-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden John R. Owen, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Lamont Henderson ("Henderson"), proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  Henderson alleges that the Federal Bureau of Prisons ("BOP") has incorrectly computed his release date.  In his Report and Recommendation, Magistrate Judge McCrorey recommends granting Respondent's motion for summary judgment.[2]  For the reasons set forth below, the court adopts the Report and Recommendation and grants Respondent's motion.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

[2] Respondent filed a motion to deny habeas on December 2, 2008.  Accompanying the motion, Respondent also filed an Answer and Return in which Respondent argues that Petitioner has failed to state a claim upon which relief can be granted.  In the Answer and Return, Respondent included matters outside the pleadings for the court's consideration.  Accordingly, the court construes both documents collectively as a motion for summary judgment.  Fed. R. Civ. P. 12(d).

1

Henderson filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Henderson's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claim. However, Henderson raised one specific objection. Henderson argues that the BOP has improperly calculated his release date. Specifically, he objects to the magistrate judge's determination that "pursuant to [18 U.S.C. §] 3624(b), the BOP can use the date of the beginning of pretrial custody, not the [later] date of imposition of sentence, to calculate the prisoner's first year of imprisonment." (Objections 3.)

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. Accordingly, the BOP uses the date of the beginning of pretrial custody, not the date of imposition of sentence, to calculate a prisoner's first year of imprisonment. (Resp't Mot. Summ. J. § 2241 Ex. 3 (J.R. Johnson Decl. ¶ 8).) Henderson's sentence was imposed on December 22, 2003. He was given credit toward his sentence for time spent in custody prior to his sentencing. Henderson now argues that the date his sentence was imposed, December 22,

2

2003, should be utilized in computing his release date. However, as Respondent notes, "granting [Henderson's] Habeas would result in an extension of his sentence" not a reduction of his sentence. (Resp't Mot. Summ. J. 1.) The BOP followed the proper procedures in calculating Henderson's release date. As such, his objection is without merit. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket numbers 12 and 13, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 1, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.